985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Manuel SAMPEDRO, Defendant-Appellant.
 No. 92-5263.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 4, 1992
Decided: February 1, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-90-162-HM)
 ARGUED: Mary Melissa French, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Ethan L. Bauman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 ON BRIEF: Fred Warren Bennett, Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 E.D.Va.
 Affirmed.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and MORGAN, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This is the second appeal by Manuel Sampedro stemming from his deportation and his subsequent plea of guilty to reentry after deportation, see 8 U.S.C.A. § 1326 (West Supp. 1992).* In his first appeal, Sampedro alleged defects in the deportation proceeding that he claimed precluded its use to establish an element of the offense of reentry after deportation. United States v. Sampedro, No. 90-5231, slip op. at 2 (4th Cir. Aug. 1, 1991) (per curiam) (Sampedro I ). While we concluded that several of Sampedro's claims lacked merit, the record was insufficiently developed to determine whether Sampedro knowingly and intelligently waived his right to judicial review of the deportation proceeding. Id. at 4. We therefore remanded for factual findings on this issue, id., and the district court subsequently found that Sampedro rendered the waiver knowingly and intelligently. Sampedro now appeals, maintaining that these findings are clearly erroneous, and that, as a matter of law, the findings do not amount to a constitutional waiver of his right to judicial review. We disagree, and therefore affirm the decision of the district court.
 
 I.
 
 2
 We recite only the facts relevant to the waiver of judicial review because the other facts surrounding Sampedro's deportation and subsequent indictment for illegal reentry are fully developed in Sampedro I. At the deportation hearing, the immigration judge (IJ) advised Sampedro that "any decision this Court makes can be appealed to a higher court." Sampedro acknowledged this right by responding, "Yes, sir." After the IJ adjudged him deportable, Sampedro refused the option to pursue discretionary suspension of deportation. The IJ closed the proceeding by announcing that Sampedro was deportable as charged and asked Sampedro whether "it [was] correct" that he had "made a knowing decision not to seek any further relief." Sampedro replied, "Yes, sir."
 
 
 3
 On remand, the district court found that "Sampedro knowingly and intelligently waived his right to contest his deportation in a judicial forum." With regard to Sampedro's contention that he did not understand the phrase "any further relief" as encompassing an appeal, the district court considered this argument unpersuasive because the IJ specifically informed Sampedro that his rights included the right to appeal any adverse decision to a higher court. Further, the district court found that when asked at the close of the hearing, Sampedro responded affirmatively that he had knowingly relinquished his right to seek additional review.
 
 II.
 
 4
 When a prior deportation order is used to establish an element of the offense of illegal reentry, an alien may prevent its use by successfully collaterally attacking the validity of the order to expose defects in the proceeding that effectively eliminated the right of the alien to seek judicial review of the deportation. United States v. MendozaLopez, 481 U.S. 828, 839 (1987). Mendoza-Lopez, therefore, necessitated our remand for development of the record on the issue of whether Sampedro knowingly and intelligently waived his right to judicial review of his deportation proceeding. We review factual findings in the light most favorable to the Government and must accept them absent discovery that they are clearly erroneous. See United States v. Encarnacion-Galvez, 964 F.2d 402, 409 (5th Cir.), cert. denied, 113 S. Ct. 391 (1992). Further, we must consider whether the facts found amount to a constitutional waiver of the right to judicial review, and that assessment "requires 'application of constitutional principles to the facts as found.' " Brewer v. Williams, 430 U.S. 387, 403 (1977) (quoting Brown v. Allen, 344 U.S. 443, 507 (1953) (Frankfurter, J.)).
 
 
 5
 Our review indicates that the findings are not clearly erroneous and that the waiver comported with constitutional standards. The district court observed that the IJ adequately explained the right to judicial review to Sampedro. Further, the court found that the IJ twice ascertained whether Sampedro understood the right and whether he was knowingly and intelligently foregoing that right. In both instances, Sampedro responded in the affirmative, without hesitation or equivocation. Accordingly, we hold that the judgment of the district is affirmed.
 
 AFFIRMED
 
 
 *
 This section provides in relevant part:
 (a) Subject to subsection (b) of this section, any alien who-
 (1) has been arrested and deported or excluded and deported, and thereafter
 (2) enters, attempts to enter, or is at any time found in, the United States ...
 shall be fined under Title 18, or imprisoned not more than 2 years, or both.
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection-
 (1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 5 years, or both.